RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| WILBERT MALBROUX, JR. | CIVIL ACTION NO. 2:11-cv-421 |
| -vs- | JUDGE TRIMBLE |
| DR. J. J. JANCUSKA and<br>AMERICAN MEDICAL SYSTEMS | MAGISTRATE JUDGE KAY |

# MEMORANDUM RULING AND ORDER

Before the Court is Plaintiff's motion to recuse District Judge Trimble and Magistrate Judge Kay from the present matter. (Doc. 45). Judge Trimble has referred the motion to us for consideration.

Plaintiff claims that "in every motion, attempts for action, and ruling in this proceeding, this court has shown bias and prejudice towards this plaintiff." In particular, Plaintiff claims that the court "has refused to accept and respect" the accuracy of the facts alleged in his complaint. (Doc. 45, p. 1). According to Plaintiff, "[t]wo rulings stand out" for displaying this prejudice. For one, his motion to remand, (Doc. 9), was denied, (Doc. 23), when, he claims, "clearly no consideration had been given to the motion." (Doc. 45, p. 2). For two, one of the defendants, Dr. James J. Jancuska, was dismissed because Plaintiff "has not established a cause of action against" him. (Doc. 22, Report and Recommendation; Doc. 33, Judgment Adopting Report and Recommendation). Plaintiff alleges again that Magistrate Judge Kay gave no consideration to Plaintiff's motion "or the facts of this proceeding", and that his objections to the Report and Recommendation were ignored. Plaintiff alleges that these judges have "no care or regard for the future health and well-being of this

Plaintiff only in legal procedure and not material fact." (Doc. 45, p. 3). Plaintiff thus requests "that Judge Kay and Judge Trimble immediately recuse themselves from this proceeding and allow fair and impartial jurists to hear this proceeding." (Doc. 45, pp. 3-4).

The legal standard for a motion to recuse is contained in 28 U.S.C. § 455. The portion of the statute addressing judges' general bias against a party[1] reads in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>    (1) Where he has a personal bias or prejudice concerning a party . . .;

We do not find that there is a basis for finding bias here, nor that Judge Trimble and Magistrate Judge Kay must or should recuse themselves. The entirety of Plaintiff's allegations arise from his conviction that the court has incorrectly decided various issues in his case. We have reviewed the documents Plaintiff references, and we disagree. More importantly, a party's failure to prevail is not evidence of bias giving rise to recusal. Rather:

> The bias to be demonstrated must be personal bias against the moving party, as opposed to judicial bias,[2] and the bias must be extrajudicial in origin.[3] By this it is meant that the alleged attitude and preconception on the part of the judge must arise

---

[1] The remainder of the statute deals with possible conflicts of interest, nothing of which are alleged here.

[2] *United States v. Dansker*, 537 F.2d 40, 53 (3rd Cir. 1976); *Morrison v. United States*, 321 F.Supp. 286, 288 (N.D. Tex. 1969).
   "Judicial bias" is not sufficient. Bias developed during the trial, if any, is judicial bias and is not "personal bias." Judicial bias, if any, is not contemplated by 28 U.S.C. § 144. "Personal bias" is the necessary ingredient of this statute.
*United States v. Hall*, 424 F.Supp. 508, 534 (W.D. Okla. 1975).

[3] *United States v. Dansker*, 537 F.2d 40, 53 (3rd Cir. 1976); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975); *Curl v. International Business Machines Corp.*, 517 F.2d 212, 214 (5th Cir. 1975); *Bowling v. Mathews*, 511 F.2d 112, 114 (5th Cir. 1975); *United States v. Hall*, 424 F.Supp. 508, 534 (W.D. Okla. 1975); *Hirschkop v. Virginia State Bar Ass'n*, 406 F.Supp. 721, 724 (E.D.Va. 1975); *Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 514 (D.S.C. 1975); *United States v. Orbiz,*, 366 F.Supp. 628, 629 (D. Puerto Rico 1973); *United States v. Garrison*, 340 F.Supp. 952, 956-57 (E.D. La. 1972); *United States v. Partin*, 312 F.Supp. 1355, 1358 (E.D. La. 1970); *Morrison v. United States*, 321 F.Supp. 286, 288 (N.D. Tex. 1969).

from a source beyond the four corners of the courtroom, and not from his participation in the case. The only exception to this rule recognized in this Circuit is "where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party."[4] The judge is permitted to fully express himself on legal matters,[5] and adverse rulings against the moving party cannot serve as a basis for disqualification.[6]

*Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F.Supp. 1110, 1114-15 (E.D. La. 1986) (footnotes and citations in original, with format adjusted as needed).

Here, the mere fact that Plaintiff is flummoxed that certain decisions have gone against him–without more and, in our opinion, correctly–does not present evidence of bias on the part of the deciding judges, much less of extrajudicial bias rising to a level that places the judges' impartiality into question. If Plaintiff believes the judges have ruled incorrectly, then the proper procedure is to appeal their rulings,[7] not to accuse them of bias or otherwise impugn their integrity. Accordingly:

IT IS ORDERED that Plaintiff's motion to recuse, (Doc. 45), is DENIED as to both judges.

SIGNED on this 10 day of August, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[4] *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975).

[5] *Samuel v. University of Pittsburgh*, 395 F.Supp. 1275, 1278-79 (W.D. Pa. 1975).

[6] *United States v. Hall*, 424 F.Supp. 508, 534 (W.D. Okla. 1975); *Davis v. United States*, 415 F.Supp. 982, 985 (E.D. Okla. 1975); *Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 514-15 (D.S.C. 1975); *Bumpus v. Uniroyal, Inc.*, 385 F.Supp. 711, 713 (E.D. Pa. 1974).

[7] We note that Plaintiff is pursuing his case pro se. Our courts of course remain open for such adjudication. On the other hand, Plaintiff's complaints here stem almost entirely from his failure to comprehend why he does not prevail on the substance of certain motions, and from the court's enforcement of certain procedural matters. It is precisely with such matters–explaining and helping a client understand the substance of a claim, and navigating rules of procedure–that a competent attorney can help. We do not know if Plaintiff has already attempted to do so, or even if it would still be possible, but he may find that he encounters less frustration if he would retain counsel to assist him with his case.